IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARALLEL NETWORKS, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 13-1412-LPS |
| BARRACUDA NETWORKS, INC., | |
| Defendant. | |
| PARALLEL NETWORKS, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 13-1413-LPS |
| BROCADE COMMUNICATIONS SYSTEMS, INC., | |
| Defendant. | |
| PARALLEL NETWORKS, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 13-1414-LPS |
| CITRIX SYSTEMS, INC., | |
| Defendant. | |
| PARALLEL NETWORKS, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 13-1476-LPS |
| SAP AMERICA, INC., | |
| Defendant. | |

PARALLEL NETWORKS, LLC,

       Plaintiff,

   v.

RIVERBED TECHNOLOGY, INC.,

       Defendant.

C.A. No. 13-1477-LPS

PARALLEL NETWORKS, LLC,

       Plaintiff,

   v.

ARRAY NETWORKS, INC.,

       Defendant.

C.A. No. 13-1481-LPS

PARALLEL NETWORKS, LLC,

       Plaintiff,

   v.

A10 NETWORKS, INC.,

       Defendant.

C.A. No. 13-1943-LPS

PARALLEL NETWORKS, LLC,

       Plaintiff,

   v.

F5 NETWORKS, INC.,

       Defendant.

C.A. No. 13-2001-LPS

| | |
|---|---|
| PARALLEL NETWORKS, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 13-2051-LPS |
| CISCO SYSTEMS, INC., | |
| Defendant. | |
| PARALLEL NETWORKS, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 13-2085-LPS |
| RADWARE LTD. and RADWARE, INC., | |
| Defendants. | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of the District of Delaware (the "Local Rules") and the Federal Rules of Civil Procedure.  Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this Protective Order, the Court finds that:

1.      Documents or information containing confidential research, development, business, commercial, or personal information or trade secrets within the meaning of Fed. R. Civ. P. 26(c) ("Confidential Information") that bear on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2.      The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and/or could place that party at a competitive disadvantage;

3.      Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4.      To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Protective Order should issue.

**IT IS THEREFORE ORDERED THAT:**

1.      **Proceedings and Information Governed.**  This Protective Order shall apply to all information, documents, and things subject to discovery in this Action produced either by a party or a non-party ("Action" shall include without limitation this litigation and any adjunct subpoena proceedings incident hereto before any tribunal) including, without limitation, testimony adduced at deposition upon oral examination or upon written questions, answers to interrogatories, documents and things produced, information obtained from inspection of premises or things, answers to requests for admission, and information disclosed pursuant to subpoena under Fed. R. Civ. P. 45 ("Discovery Material").  Discovery Material containing Confidential Information is referred to as "Confidential Material."

2.      **Information Not Protected.**  The following is not Confidential Material: (i) material, which on its face shows or which, through other evidence, the receiving party can show has been published to the general public; (ii) information that the receiving party can show was lawfully in the receiving party's possession prior to being designated as Confidential

Material in this litigation and that the receiving party is not otherwise obligated to treat as confidential; (iii) information that the receiving party can show was obtained (without any benefit or use of Confidential Material) from a third party having the right to disclose such information to the receiving party without restriction or obligation of confidentiality; (iv) information which, after its disclosure to a receiving party, is published to the general public by a party having the right to publish such information; (v) information that the receiving party can show by written record was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's Confidential Material; and (vi) information that was submitted to a governmental entity without request for confidential treatment.

        **3.**      <u>**Designations to be Made in Good Faith.**</u>  In determining the scope of information that a party may designate as its Confidential Material, each party acknowledges the importance of client access to information necessary to client decision-making in the prosecution or defense of litigation, and therefore agrees that designations of information as Confidential Material and responses to requests to permit further disclosure of Confidential Material shall be made in good faith and not (i) to impose burden or delay on an opposing party or (ii) for tactical or other advantage in litigation.

        **4.**      <u>**Designation of CONFIDENTIAL Information.**</u>  The producing party shall label or mark each document and thing that it deems to be Confidential Material with the following term:

**"CONFIDENTIAL"**

        **5.**      <u>**Designation of CONFIDENTIAL – OUTSIDE COUNSEL ONLY**</u>

<u>**Information.**</u>  The parties may further designate as "CONFIDENTIAL – OUTSIDE COUNSEL

3

ONLY" those Confidential Materials that contain Confidential Information that is especially sensitive and could cause significant competitive harm if disclosed to an unauthorized person, including, without limitation, pending but unpublished patent applications; information concerning research, development and other activities related to unreleased products; and other highly confidential technical, research and development, and financial information.  This designation shall be made in good faith.  The parties shall label or mark each such document or thing with the following term:

"**CONFIDENTIAL – OUTSIDE COUNSEL ONLY**"

The parties may also elect to label or mark documents or things with the term "CONFIDENTIAL – ATTORNEYS EYES ONLY" or "CONFIDENTIAL – AEO," and this shall have the same meaning as and shall be afforded the same protection as documents and information marked "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" pursuant to this Protective Order.

6.     **Designation of CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE Information.**    The parties acknowledge that a distinct level of protection is required for source code for which the "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" designation would not provide adequate protection to the interests of the designating party, and the wrongful dissemination of which could result in irreparable harm to the designating party.  Such information may be designated by labeling or marking each such document or thing with the following term:

"**CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE**"

Such designation should be made only in good faith and should be used only for source code.  As used herein, "Source Code" means human readable computer instructions, data structures, and

4

data definitions expressed in a form suitable for input to an assembler, compiler, translator, or other data processing module in native format.  Such designation shall be used sparingly and only for Source Code as defined herein.  The parties may also label or mark paper copies or electronic images (such as TIFF's or PDFs') of source code that are not native format as "CONFIDENTIAL – ATTORNEYS EYES ONLY – SOURCE CODE" pursuant to this Protective Order.  Notwithstanding the preceding sentence, parties shall make Source Code available for inspection in its native format, to the extent it exists and is in the custody or control of the producing party, pursuant to the provisions herein.  As noted in Section 14(d), excerpts of Source Code may be printed or imaged.  Documents generated by parties' counsel (or their experts) and portions of deposition transcripts that contain quotes or excerpts from document fitting within the definition of "Source Code" shall be labeled "CONFIDENTIAL – OUTSIDE COUNSEL ONLY - SOURCE CODE" and treated according to Section 14 below.  Nothing in this Protective Order shall act as a waiver of any party's right to object to production of Source Code.

       **7.**        **<u>Designation and Re-Designation of Confidential Information</u>.**  The labeling or marking of a document or tangible thing with the designation "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE" shall be made when a copy of the document or thing is provided to the receiving party by placing the legend "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE" on the face of each such document or thing.  Any such designation that is inadvertently omitted or misdesignated may be corrected by written notification to counsel for the receiving party, and the receiving party shall thereafter treat the materials as

"CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or

"CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE," as appropriate.  The

designating party shall provide to the receiving party substitute copies of the material with the

proper designation, and such material shall be subject to this Protective Order as if it had been

initially so designated.  If, prior to receiving such notice, the receiving party has disseminated the

Confidential Material to individuals not authorized to receive it hereunder based on the new

designation, it shall make a reasonable effort to retrieve the Confidential Material or to otherwise

assure that the recipient(s) properly mark the Confidential Material and maintain the

confidentiality of the Confidential Material, but shall have no other responsibility or obligation

with respect to the information disseminated.

      **8.**    **Depositions.**  In the case of deposition upon oral examination, such testimony

shall be deemed "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" until the expiration of

thirty (30) days after the designating party's receipt of the deposition transcript, unless the

testimony is otherwise designated at the time of the deposition or during the thirty (30) day

period.  Pages or entire transcripts of testimony given at a deposition may be designated as

containing "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY"

information by an appropriate statement either at the time of the giving of such testimony or by

written notification within thirty (30) days after the designating party's receipt of the deposition

transcript.  If the testimony is not otherwise designated at the time of the deposition or during the

thirty (30) day period, the testimony will be deemed to be "CONFIDENTIAL."

      **9.**    **Written Discovery.**  In the case of written discovery responses and the

information contained therein, the responses may be designated as containing

"CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or

"CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE" information by means of a statement at the conclusion of each response that contains such information specifying the level of designation of the Confidential Information and by placing a legend on the front page of such discovery responses stating: "CONTAINS CONFIDENTIAL INFORMATION/[the highest level of designation contained in the answers]."  Any such designation that is inadvertently omitted or misdesignated may be corrected within thirty (30) days of service of such discovery responses by written notification to counsel for the receiving party, and the receiving party shall thereafter treat the materials as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE," as appropriate.  The designating party shall provide to the receiving party substitute copies of the material with the proper designation, and such material shall be subject to this Protective Order as if it had been initially so designated.  If, prior to receiving such notice, the receiving party has disseminated the Confidential Material to individuals not authorized to receive it hereunder based on the new designation, it shall make a reasonable effort to retrieve the Confidential Material or to otherwise assure that the recipient(s) properly mark and maintain the confidentiality of the Confidential Material, but shall have no other responsibility or obligation with respect to the information disseminated.

      10.    **Designation of Other Confidential Information.**  In the case of Confidential Information not reduced to documentary or tangible form or that cannot be conveniently designated as set forth above, such information may be designated "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE" information by informing the receiving party of the

designation in writing either at the time of transfer of such information or within thirty (30) days after the transfer of such information.

11. **Designation of Documents and Things Made Available for Inspection.** Any documents or tangible things made available for inspection prior to producing copies of selected items shall initially be deemed "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" unless otherwise designated at the time of inspection and shall be subject to this Protective Order. Thereafter, the Producing Party shall have a reasonable time to review and designate the documents as set forth in Paragraph 7 above prior to furnishing copies to the Receiving Party.

12. **Disclosure of CONFIDENTIAL – OUTSIDE COUNSEL ONLY Material.** CONFIDENTIAL – OUTSIDE COUNSEL ONLY material and any information contained therein shall be disclosed only to the following persons:

a. Outside counsel of record in this action for the receiving party, including both local and trial counsel;

b. Employees of such outside counsel of record, including partners, associates, paralegals, staff, and copying or clerical litigation support personnel, who are working at the direction of such outside counsel of record in connection with this Action and to whom it is reasonably necessary to disclose the information;

c. Contract attorneys who are not employees of outside counsel of record but who are working at the direction of such outside counsel in connection with this Action and to whom it is reasonably necessary to disclose the information, provided, however, that disclosure to such persons shall be made only on the conditions set forth in Paragraphs 15 and 16 below;

d. Persons or entities engaged by a party or counsel for a party to provide outside electronic discovery hosting and electronic discovery consulting services; foreign language

translation services; stenographic and video reporting and transcription services; graphics, translation, or design services retained by counsel of record for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; and professional jury or trial consultants (and their employees and subcontractors) to whom disclosure is reasonably necessary for this litigation—provided that such persons and entities execute Exhibit A;

e.     The Court, its personnel, its stenographic reporters, and the jury in this Action (with such Confidential Material having been filed under seal or with other suitable precautions as determined by the Court);

f.     At a deposition or at trial, any person who authored or previously received the Confidential Material and, subject to timely objection including objection that such person is not internally authorized to receive such information, any person currently employed by the designating party;

g.     Any approved expert or consultant (including his or her secretarial and clerical personnel actually assisting such expert or consultant in connection with this Action) who (1) is engaged by counsel of record in this Action, whether or not such expert or consultant is paid directly by a party and (2) is not regularly employed by or associated with a party hereto, other than by or with the designating party, provided however that disclosure to such experts or consultants shall be made only on the conditions set forth in Paragraphs 15 and 16 below.

**13.     Disclosure of CONFIDENTIAL Material.**  CONFIDENTIAL material and any information contained therein may be disclosed to the persons designated in Paragraphs 12(a) through (g) above and additionally may be disclosed to no more than two (2) designated representatives of the party who do not have competitive decision-making responsibilities and

9

are either in-house counsel who act in a legal capacity for the receiving party or a non-lawyer corporate representative directly supervised by in-house counsel and who are responsible for supervising or otherwise directly working on these Actions, provided that such representatives agree to be bound by this Protective Order.

14.     **Disclosure of CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE Material.**  Source Code labeled "CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE" material may be disclosed only to persons designated under Paragraph 12(a), (b) (provided that such persons sign the Undertaking attached hereto), (e), (f), and (g) (excluding their secretarial and clerical personnel) above, and only in strict accordance with the following procedures:

a.      Source code designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE," to the extent it exists in electronic format, will be made available for inspection on a standalone, non-networked computer with all ports, software, and other avenues that could be used to copy or transfer such data blocked ("Standalone Computer"). The Standalone Computer shall be a current vintage, Windows-based laptop or desktop computer having at least 4 gigabytes of memory and connected to a printer for printing, shall have a mouse and a screen with a minimum size of fifteen inches, and shall be connectable to a second screen supplied by the Receiving Party at the Receiving Party's option.

b.      The Standalone Computer will be made available for inspection, at the option of the producing party, at the offices of any outside counsel of record of the producing party.

c.      Only approved persons designated under Paragraph 12(a), (e), and 12(g) above (excluding their secretarial and clerical personnel) above shall have access to the Standalone

Computer provided, however, that the following additional restrictions shall apply to such access:

(i)     At least seven (7) business days prior to the first date on which access is sought to such Standalone Computer ("seven-day notice period"), counsel of record for the receiving party shall provide a list of individuals including attorneys seeking to access such Standalone Computer. The designating party shall have the right to object to such access in accordance with the procedure set forth in Paragraph 15 herein.  Subsequently this procedure shall be followed for each person not previously disclosed.  However, as to persons already disclosed, notice need not be given, and such persons shall have unlimited access so long as the other provision of paragraph iv immediately below is followed:

(ii)     During the pendency of the seven-day notice period, no listed individual shall have access to the Standalone Computer;

(iii)     If an objection to any specific listed individual is made, that individual shall not have access to the Standalone Computer until resolution of such objection;

(iv)     Each time a person accesses the Standalone Computer, the person shall sign a sign-in sheet prior to, and a sign-out sheet subsequent to, accessing the Standalone Computer including the name of the person accessing, the date and time in and out, and an indication of whether any hard copiers were made;

(v)     After the initial access reference in paragraph (i) above, the party requesting access to such Standalone Computer shall provide five (5) business days notice prior to the date on which access is sought.  While the producing party shall have

the right to object to such access, consent to reasonable and timely requests for access shall not be unreasonably withheld; and

(vi)    All CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE materials in the possession of the Receiving Party, or its expert(s) shall be maintained in the United States in a secured, locked area at an office of outside counsel of record or their expert(s) for the receiving party in a manner that prevents duplication of or unauthorized access to the CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE material.

d.    **Printing and Copies of Source Code.**  The receiving party shall not have the right to, and agrees not to, copy, transmit, or duplicate CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE materials in any manner, including scanning or otherwise creating an electronic image of the CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE materials, except as set forth herein.

(i)    A printer shall be attached to the Standalone Computer with pre-bates labeled paper specific to the Producing Party's source code.  All information printed from the printer shall be on watermarked paper provided by the Producing Party bearing bates-numbers and the legend "CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE."

(ii)    The Receiving Party shall not print any continuous block of Source Code that results in more than 25 printed pages and shall not be entitled to more than 400 printed pages absent a showing of good cause. If necessary, the Receiving Party may request to print continuous blocks that exceed 25 pages, which request the Producing Party shall not unreasonably deny.  Upon printing, the Receiving Party shall provide the

12

printed Source Code to the Producing Party's outside counsel who will make copies of the Source Code and return the original to the Receiving Party on the same day of printing, provided that the printed Source Code is provided to the Producing Party before 4 p.m. local time.  If provided after 4 p.m., the Producing Party shall return the original printed Source Code by noon of the following day.

(iii)    Four hard copies of the printed copies may be made for use by outside counsel, consultant(s) and expert(s), and other persons who are otherwise entitled to receive CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE materials. The Receiving Party shall maintain a log of all copies of the source code that are provided by the Receiving Party to any qualified person.  The log shall include the (1) the number of copies made, (2) the number of pages copied, (3) the bates number range of the material being copied, (4) the date and time when the copying occurred, (5) the identity of individual(s) accessing such material, and (6) the date of each such access. The Producing Party shall be entitled to a copy of the log upon request.

(iv)    Source Code may not be digitally imaged except in limited excerpts necessary for the purposes of infringement contentions, expert reports, presentations to the court, or court filings so long as the other provisions of this Order are followed.

(v)    The Receiving Party may save an unlimited amount of Source Code to PDF files in folders in the storage media on the Standalone Computer.  Such files shall remain in the Standalone Computer until the conclusion of this Litigation unless deleted by the Receiving Party.

e.    **Paper Copies of Source Code to be Secured.**  The Receiving Party's Outside Counsel and retained experts or consultants must maintain any paper copies of and notes relating

to the Source Code in a secure location in a manner that prevents duplication of or unauthorized access to the paper copies of the Source Code or notes when not in use.

      f.    **Source Code in Depositions.**  All CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE materials used during a deposition or marked as an exhibit at a deposition will be retrieved by the party conducting the deposition at the end of each day.  At no time, will any CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE material be given to or left with the Court Reporter or any other individual.

      g.    **Viewing and Searching Tools.**  In the event that the receiving party's Outside Counsel reasonably believes that additional commercially-available software tools for viewing and searching source code are necessary for the efficient review and analysis of source code, the designating party shall, to the extent technically feasible, install such software on the Standalone computer at the receiving party's expense, provided that (1) the software is a source code analysis program or utility and (2) the receiving party provides, at the receiving party's expense, a licensed copy of such software for installation on the Standalone Computer.  The designating party may not configure its source code in a manner that unreasonably impedes or slows the receiving party's ability to inspect the source code or that allows the designating party to monitor the receiving party's inspection (e.g., key logging, video capture, etc.).  The receiving party may save an unlimited number of files generated by the viewing and searching tool(s) on the Standalone Computer, which files shall be maintained and not erased by the Producing Party until the conclusion of the Litigation.

      **15.**    **Disclosure to Experts and Consultants.**  Trial counsel desiring to disclose Confidential Materials to experts or consultants specified in Paragraph 12(g) above shall first obtain a signed undertaking, in the form of Exhibit A attached hereto, from each such expert or

consultant, and such counsel shall retain in his/her files the original of each such signed

undertaking.  A copy of the proposed undertaking shall be forwarded to opposing counsel with

the current curriculum vitae for such expert or consultant.  Such curriculum vitae shall identify

all current and former employers and/or consulting engagements within the ten (10) years prior

to the date of such disclosure.[1]  No Confidential Materials shall be disclosed to such expert or

consultant attorney until after the expiration of a seven (7) business day period commencing with

the service of a copy of the proposed undertaking and curriculum vitae, provided, however, that

if during that seven (7) business day period opposing counsel makes an objection to such

disclosure, there shall be no disclosure of Confidential Materials to such expert or consultant

except by mutual agreement of the parties or further order of the Court.  All objections must be

made in writing and for good cause, and must state the reasons for such objections.  The party

desiring disclosure of such Confidential Materials shall have the burden of filing a motion with

the Court seeking leave to make such disclosure.

     **16.**   **Party's Own Information.**  The restrictions on the use of Confidential Materials

established by this Protective Order are applicable only to the use of information received by a

party from another party or from a nonparty.  A party is free to use its own information as it

pleases.

     **17.**   **Information Produced In Related Cases.**  Nothing in this Protective Order

permits the use or disclosure by any party in one of the above-captioned actions of Confidential

Materials originally produced by a Defendant in another of the above-captioned actions absent

---

[1]    If the expert or consultant believes any of this information is subject to a confidentiality obligation to a third-party, then the expert or consultant should provide whatever information the expert or consultant believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose to the expert or consultant shall be available to meet and confer with opposing counsel regarding any such engagement.

agreement of the producing Defendant and/or separate order of the Court.  However, this provision shall not be construed as preventing outside counsel for Defendants in any of the above-captioned actions from discussing amongst themselves any of Plaintiffs' Confidential Information to which each such outside counsel individually has lawful access through Plaintiffs' productions and/or disclosures in the respective actions.

18.   **Export Control Requirements**:  Notwithstanding anything to the contrary contained herein, the following additional requirements apply to all Confidential Materials:

a.   The receiving party acknowledges that the Confidential Materials received under this Protective Order may be subject to export controls under the laws of the United States and other applicable laws. The receiving party shall comply with such laws and agrees not to knowingly export, re-export or transfer Confidential Materials of the producing party. The receiving party acknowledges that Confidential Materials disclosed by the producing party may be subject to, including but not limited to, the U.S. Export Administration Regulations (EAR), Export Control Classification Number (ECCN) 5EOO 1 pertaining to Dynamic Adaptive Routing, Optical Switching, SS7, non-aggregated port speed data transfer rates exceeding 15Gbps; and ECCN 5E002 cryptography.

b.   The receiving party agrees to maintain adequate controls to prevent nationals of countries listed in the EAR, Part 740 Supplement No.1, Country Group D:l orE from accessing the producing party's Confidential Materials, subject to ECCN SEOO 1; or nationals outside the U.S. and Canada from accessing such Confidential Materials, subject to ECCN 5E002 –without U.S. Government authorization. The receiving party furthermore, agrees to notify the producing party prior to granting a foreign national, of countries listed in the groups D: 1 orE, access to the Standalone Computer, access to hard copies of Confidential Materials, or placement on a project

16

requiring receipt or review of the producing party's Confidential Materials. The term "national" is defined as any person who is not a U.S. person or national/citizen, lawful permanent resident, person granted asylum or refugee status, or temporary resident granted amnesty.

19.     **Court Procedures.**  Any party may file or lodge with the Court documents or tangible items designated as CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE.  Any briefs, transcripts, exhibits, depositions, or documents that are filed with the Court and that comprise, embody, summarize, discuss, or quote from documents or tangible things designated as CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE material shall be sealed, unless the parties otherwise agree in writing or the Court otherwise orders.  Where reasonably practicable, only the portions of documents consisting of such items or information shall be lodged under seal.  Such items or information shall be filed or lodged in sealed envelopes or other appropriate sealed containers.  Each sealed envelope or container shall be endorsed with the title and case number of this action, and a legend in substantially the following form:

> CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.  THE MATERIALS CONTAINED HEREIN HAVE BEEN DESIGNATED AS CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, OR CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE PURSUANT TO PROTECTIVE ORDER AND MAY NOT BE EXAMINED OR COPIED EXCEPT BY THE COURT OR PURSUANT TO COURT ORDER.

20.     **No Waiver.**  The acceptance by a party of documents designated as CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE shall not constitute an agreement, admission, or concession, or permit an inference, that the material(s) are in fact properly subject to

17

protection under Fed. R. Civ. P. 26(c), or some other basis.  Documents designated CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE shall be treated in accordance with the provisions of this Protective Order, except that any party may at any time seek an Order from the Court determining that specified information or categories of information are not properly designated as CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE, *provided that* prior to making such motion the party seeking de-designation shall first provide to the producing party written notice particularly identifying the documents or information that the receiving party contends should be differently designated, and stating the grounds for the objection.  Thereafter, the parties shall meet and confer in good faith to resolve any differences over the designation. With respect to the filing of such a motion, the party challenging confidentiality shall have the burden of conferring in compliance with the Court's local rules, either in person or by telephone, with the producing party (as well as any other Party who expresses an interest in maintaining the designation) in a good faith effort to resolve the dispute.  In the event that the dispute cannot be resolved, the party challenging the designation may contact the Court pursuant to the procedures of Paragraph 3(g) of the Scheduling Order within seven (7) days of the conclusion of the meet and confer process seeking a ruling that the Discovery Material in question is not entitled to the protection conferred by the producing party's designation.  Such contact with the Court must occur within seven (7) calendar days of the conclusion of the meet and confer process; otherwise, the objection is deemed waived.  The producing party shall have the burden of proving that the Confidential Material in question is protectable under Fed. R. Civ. P. 26(c) or some other basis, or as the case may be, that the designation of "CONFIDENTIAL," "CONFIDENTIAL –

18

OUTSIDE COUNSEL ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY –

SOURCE CODE" is necessary under the circumstances.  A party shall not be obligated to

challenge the propriety of a designation of Confidential Material at the time made, and failure to

do so shall not preclude subsequent challenge.  Should any party (or non-party) seek an Order

from the Court to determine whether specified information or categories of information are not

properly designated as CONFIDENTIAL,  CONFIDENTIAL – OUTSIDE COUNSEL ONLY,

or CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE, the claimed

designation shall remain operative and respected by all the parties and non-parties pending the

Court's ruling.

      **21.**    **<u>No Waiver of Privilege.</u>**  Nothing in this Protective Order shall require disclosure

of material that a party contends is protected from disclosure by the attorney-client privilege or

the attorney work-product immunity, or any other applicable privilege.  This shall not preclude

any party from moving the Court for an Order directing the disclosure of such material.

      **22.**    Production or disclosure of documents or information subject to the

attorney-client privilege, work product immunity, or any other applicable privilege shall not

constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or

protected by the work product immunity or any other applicable privilege.  A producing party

may notify the receiving party in writing that produced documents or information are subject to

the attorney-client privilege, work product immunity, or any other applicable privilege.  Within

five (5) business days of such notice, the receiving party shall return or destroy all such

documents or information and all copies thereof, including those that have been shared with

experts, consultants, and vendors, and confirm in writing that all such documents or information

have been returned or destroyed.  No use shall be made of such documents or information during

depositions, through motion practice, or at trial.  In the case of such returned production, the producing party shall provide a privilege log identifying such documents or information within ten (10) business days of its original notice to the receiving party.  The receiving party may move the Court for an Order compelling production of any such documents or information in accordance with the Federal Rules of Civil Procedure and Paragraph 3 of the Scheduling Order. The motion shall be filed under seal and shall not assert as a ground for production the fact of the earlier production, nor shall the motion disclose or otherwise use the content of the previously produced and returned documents or information in any way (beyond any information appearing on the above-referenced privilege log).

23. **<u>Inadvertent Disclosure of Confidential Material</u>.**  In the event of any accidental or inadvertent disclosure of Confidential Material other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify the producing party of all the pertinent facts, and make every effort to prevent further unauthorized disclosure including retrieving all copies of the Confidential Material from the recipient(s) thereof and securing the agreement of the recipients not to further disseminate the Confidential Material in any form.  Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

24. **<u>Treatment of Confidential Information</u>.**  In addition to the specific requirements set forth in Paragraph 14 hereof regarding the handling of CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE materials, the recipient of any Confidential Material shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Material as is exercised by the recipient with respect to its own Confidential Material and to confidential information of a similar nature, but in

no event less than due care.  Each recipient of any Confidential Material hereby agrees to be subject to the jurisdiction of this Court for purposes of the implementation and enforcement of this Protective Order.

25. **Amendments.**  This Protective Order shall not prevent the parties from applying to the Court for relief therefrom or modification thereto, or from applying to the Court for further or additional relief by way of protective orders or otherwise, or from agreeing between themselves to modifications of this Protective Order.

In the event that a party desires to provide access to or disseminate Confidential Materials to any person not entitled to access under this Protective Order, it may move the Court for an order that such person be given access thereto if the parties cannot, after negotiating in good faith, agree to such additional access or dissemination.

26. **Use of Confidential Information.**  Confidential Materials shall be used solely for the purposes of litigating this Action and shall not be used for any other purpose except as expressly provided herein or by further Order of the Court.

27. **Prosecution Bar.**  The Plaintiff, any attorney representing Plaintiff, whether in-house or outside counsel, and any person retained by Plaintiff or attorneys of Plaintiff who obtains, receives, accesses, or otherwise learns, in whole or in part, technical information relating to the design or functionality of any product or service, or any proposed product or service, of an opposing party, which technical information is designated CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or CONFIDENTIAL — OUTSIDE COUNSEL ONLY –

SOURCE CODE under this Protective Order, shall not participate in, prepare, prosecute,[2] supervise, or assist in the prosecution of any patent application, reexamination, reissue, or proceeding before the P.T.A.B. (e.g., *inter partes* review) pertaining to the subject matter of the patents-in-suit within two (2) years from disclosure of the technical information or one (1) year after conclusion of these Actions (including any appeals), whichever period is longer. To ensure compliance with the purpose of this provision, Plaintiff shall create an ethical wall between those persons who have accessed technical information relating to the design or functionality of any product or service, or any proposed product or service, of an opposing party and which is designated CONFIDENTIAL – OUTSIDE COUNSEL ONLY or CONFIDENTIAL — OUTSIDE COUNSEL ONLY – SOURCE CODE and: (1) those individuals who prepare, prosecute, supervise, or assist in the prosecution of any patent application pertaining to the same or substantially the same subject matter of the patent(s)-in-suit and (2) those individuals who participate, prosecute, supervise, or assist in any practice or proceeding before the P.T.A.B. involving any patent pertaining to the same or substantially the same subject matter of the patent(s)-in-suit.

28.     **Return of Confidential Information.**  Within sixty (60) days after the final conclusion of this Action ("Termination of Action"), including any appeals, all Confidential Materials (except CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE materials) produced by any party, and all copies of such information, shall be returned to the producing party, or counsel of record shall certify in writing that such material has been destroyed.  Within ten (10) days after the final conclusion of this Action, including any appeals,

---

[2] Throughout this protective order, patent "prosecution" includes all forms of practice and proceedings at the United States Patent and Trademark Office, including, for example, both examination proceedings before examination units and review proceedings before the Patent Trial and Appeal Board ("P.T.A.B.").

all CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE materials produced by any party shall be returned to the producing party along with certification by outside counsel of record and any other individuals who accessed such materials that all such materials have been returned.  Counsel of record may retain a copy of all correspondence, pleadings, motion papers, discovery responses, deposition and trial transcripts, legal memoranda, and work product.

29.    **Advice of Counsel to Party.**  Nothing in this Protective Order shall prevent or otherwise restrict outside counsel from rendering advice to their clients and, in the course thereof, relying generally on Confidential Material; provided, however, that in rendering such advice, counsel shall not disclose, reveal, or describe any such materials except insofar as allowed (if allowed at all) under the terms of this Order.

30.    **Exclusion from Depositions and Trial.**  If a party wishes to use Confidential Material at the examination at deposition or trial of any witness not entitled to have access to such Confidential Materials, such party shall obtain the consent of the producing party, in advance, and the failure of the examining attorney to obtain such consent or order of the Court shall not be grounds for delaying the deposition or trial or their progress, unless, in the case of a deposition, all persons attending the deposition (including the producing party) consent, and in the case of trial, the Court so rules.  Where Confidential Material may be revealed or referred to in a question that will be put to the witness at a deposition upon oral examination or Confidential Materials will be used as exhibits during the examination, the producing party may require that all persons in attendance who are not entitled access to such Confidential Material under this Protective Order leave the room until such line of inquiry is completed.  Where Confidential Material may be revealed or referred to in a question that will be put to the witness at trial upon oral examination or Confidential Materials will be used as exhibits during the examination, the

23

producing party may request that the Court require that all persons in attendance who are not entitled to access such Confidential Material under this Protective Order leave the courtroom until such line of inquiry is completed.

31. **Disclosure of Transcripts Containing Confidential Information.**  No copy of any transcript of any deposition which is designated, in whole or in part, as CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE shall be furnished by the court reporter to any person other than to counsel of record and counsel for a non-party, if the furnished transcript is of the non-party's own deposition.  The original of any transcript of any deposition designated as CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE, if required to be filed, shall be filed with the Court under seal in accordance with Paragraph 19 hereof, unless otherwise agreed by the producing party.

32. **Non-Party Reliance on Order.**  The terms of this Protective Order may be applied to the Confidential Materials of a non-party.

33. **Non-Party Requests for Information Subject to This Order.**  If "CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "CONFIDENTIAL" information in the possession, custody, or control of any receiving party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative, or legislative body or any other person or tribunal purporting to have opportunity to seek such information by compulsory process or discovery request, including private parties, the receiving party to whom

24

the process or discovery request is directed shall (i) by the third business day after receipt thereof, or the earliest practicable date thereafter, give written notice by hand, e-mail, or facsimile of such process or discovery request together with a copy thereof, to counsel for the producing party; (ii) cooperate to the extent necessary to permit the producing party to seek to quash such process or discovery request; and (iii) not make production or disclosure of such confidential information until the producing party consents in writing to production or the receiving party is ordered by a court of competent jurisdiction to produce or disclose such confidential information, so long as the order is not stayed prior to the date set for production or disclosure.

      34.   **Other Proceedings:**  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

      35.   **Effective Date.**  Upon the entry of this Protective Order by the Court, this Protective Order shall be effective as against all party signatories hereto as of the date of such signature of that party or party's representative, thereby rendering this Order effective nunc pro tunc to the date of such party's signature.  The terms and conditions in this Protective Order shall survive and remain in full force and effect after the termination of this Action until canceled or otherwise modified by Order of this Court, or by written agreement of the parties.  The Court shall retain jurisdiction to enforce the provisions of this Order.

Dated:  August 5, 2014

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/  Gregory J. Brodzik*
Adam W. Poff (No. 3990)
Monté T. Squire (No. 4764)
Gregory J. Brodzik (No. 5722)
1000 N. King Street
Wilmington, Delaware 19801
*apoff@ycst.com*
*msquire@ycst.com*
*gbrodzik@ycst.com*

*Attorneys for Plaintiff Parallel Networks, LLC*

POTTER ANDERSON & CORROON LLP

*/s/ Philip A. Rovner*
Philip A. Rovner (No. 3215)
Jonathan A. Choa (No. 5319)
1313 North Market Street
Wilmington, DE 19899-0951
*provner@potteranderson.com*
*jchoa@potteranderson.com*

*Attorneys for Defendants Barracuda Networks,
Inc., Brocade Systems, Inc. and Citrix Systems,
Inc.*

DUANE MORRIS LLP

*/s/ Gary W. Lipkin*
Gary W. Lipkin (No. 4044)
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801
*gwlipkin@duanemorris.com*

*Attorneys for Defendant SAP America, Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL
LLP

*/s/ Thomas C. Grimm*
Thomas C. Grimm (No. 1098)
Jeremy A. Tigan ( No. 5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
*tgrimm@mnat.com*
*jtigan@mnat.com*

*Attorneys for Defendant Riverbed Technology,
Inc.*

26

BUCHANAN INGERSOLL & ROONEY PC

*/s/ Peter J. Duhig*
Peter J. Duhig (No. 4024)
919 North Market Street
Suite 1500
Wilmington, DE 19801
*peter.duhig@bipc.com*

*Attorneys for Defendant Array Networks, Inc.*


SHAW KELLER LLP

*/s/ John W. Shaw*
John W. Shaw (No. 3362)
David M. Fry (No. 5486)
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
*jshaw@shawkeller.com*
*dfry@shawkeller.com*

*Attorneys for Defendant F5 Networks, Inc.*


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith, II*
Jack B. Blumenfeld (No. 1014 )
Rodger D. Smith, II ( No. 3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
*jblumenfeld@mnat.com*
*rsmith@mnat.com*

*Attorneys for Defendants Radware Ltd. and Radware, Inc.*


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*
Thomas C. Grimm (No. 1098)
Stephen J. Kraftschik ( No. 5623)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
*tgrimm@mnat.com*
*skraftschik@mnat.com*

*Attorneys for Defendant A10 Networks, Inc.*


MORRIS NICHOLS ARSHT & TUNNELL LLP

*/s/ Ethan H. Townsend*
Jack B. Blumenfeld (No. 1014 )
Ethan H. Townsend ( No. 5813)
1201 North Market Street
Wilmington, DE 19899-1347
*jblumenfeld@mnat.com*
*etownsend@mnat.com*

*Attorneys for Defendant Cisco Systems, Inc.*

**SO ORDERED** this _____ day of _____, 2014.

_____
CHIEF UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**UNDERTAKING CONCERNING RECEIPT OF
CONFIDENTIAL MATERIALS SUBJECT TO PROTECTIVE ORDER**

I, _____ declare that:

1.      My present residential address is

_____.

2.      My present employer is _____

and the address of my present employer is

_____.

3.      My present occupation or job description is

_____.

4.      I have received and carefully read the Protective Order in this Action dated

_____, and I understand its provisions.  As a condition precedent to receiving any

Confidential Materials, as such are defined in the Protective Order, I agree to subject myself to

the personal jurisdiction of this Court with respect to the enforcement of the provisions of the

attached Protective Order.  I understand that I am obligated, under Order of the Court, to hold in

confidence and not to disclose the contents of any document marked or later designated pursuant

to the Protective Order as CONFIDENTIAL, CONFIDENTIAL – OUTSIDE COUNSEL

ONLY, or CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SOURCE CODE to anyone

other than those persons identified in Paragraphs 12, 13, and 14 of the Protective Order to the

extent that such persons are qualified to review such information.  I further understand that I am

not to disclose to persons other than those persons identified in Paragraphs 12, 13, and 14 of the

Protective Order any words, substances, summaries, abstracts, or indices of Confidential

Materials or transcripts disclosed to me.  In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

5.      At the termination of this Action or at any time requested by counsel of record in this Action, I will return to counsel of record in this Action all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting Confidential Materials that have come into my possession, and I will return all documents or things I have prepared relating to or reflecting such information.

6.      I understand that if I violate the provisions of this Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court, and I may be potentially liable in a civil action for damages by the disclosing party.

7.      I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on: _____, 20___.          Name:_____